IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02799-BNB

JEFFERY M. DAVIS,

    Plaintiff,

v.

COLORADO ATTY. GEN. JOHN SUTHERS, and
COLORADO GOVERNOR BILL RITTER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 13 2010

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

Plaintiff Jeffery M. Davis initiated this action by filing *pro se* a Complaint in which he apparently claims that the mandatory parole portion of his state sentence violates his rights under the United States Constitution. As relief, Mr. Davis seeks damages as well as his immediate release. For the reasons stated below, the Complaint and the action will be dismissed.

The Court must construe the Complaint liberally because Mr. Davis is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Davis does not provide any factual support for the constitutional claims he asserts in the Complaint challenging the imposition of mandatory parole as part of a criminal sentence under Colorado law. For example, Mr. Davis does not provide any factual detail regarding when he was convicted and sentenced or even allege that his sentence included a period of mandatory parole. However, the Court infers that Mr. Davis was convicted and sentenced in Colorado state court and that his sentence included a period of mandatory parole because he claims that the Colorado legislature violates the Constitutional doctrine of separation of powers by requiring courts to include a period of mandatory parole as a part of a criminal sentence. Furthermore, Mr. Davis has attached to the Complaint a copy of a State of Colorado Parole Agreement dated April 7, 2009, that states Mr. Davis would be released on parole on April 15, 2009, and remain under parole supervision until August 26, 2012. The copy of the parole agreement attached to the Complaint is not signed by Mr. Davis, apparently because he refused to sign. Mr. Davis alleges in the Complaint that "without a signed parole contract after termination of sentence, parole board has no authority for jurisdiction to enforce this invalid contract, to include incarceration." (Compl. at 2.)

Mr. Davis does not assert his constitutional claims in this action pursuant to any specific statutory authority. Construing the Complaint liberally, the Court finds that Mr. Davis' claims properly are asserted pursuant to 42 U.S.C. § 1983, which "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). As noted above, the relief Mr. Davis seeks includes an award of damages and his immediate release.

To the extent Mr. Davis seeks his immediate release from custody, his sole federal remedy is a writ of habeas corpus. **See Preiser v. Rodriguez**, 411 U.S. 475, 504 (1973). The Court will not consider the merits of any habeas corpus claims in this action because there is no indication that Mr. Davis has exhausted state remedies for those claims. **See Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000) (noting that state court remedies must be exhausted prior to seeking habeas corpus relief). The Court also notes that Mr. Davis recently raised the same or similar claims challenging the mandatory parole portion of his sentence in a habeas corpus action and that his claims challenging the mandatory parole portion of his sentence were dismissed as time-barred. **See Davis v. Warden**, No. 09-cv-00329-ZLW (D. Colo. Apr. 29, 2009).

Mr. Davis' claims for damages will be dismissed because those claims are barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994). Pursuant to **Heck**, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. **See Heck**, 512 U.S. at 486-87.

As discussed above, the Court construes Mr. Davis' Complaint liberally as asserting claims challenging the validity of the mandatory parole portion of his state sentence. It is apparent that Mr. Davis has not invalidated the mandatory parole portion of his sentence because part of the relief he seeks is his immediate release and he has submitted a copy of a parole agreement that indicates he still is on parole. Therefore,

the Court finds that Mr. Davis' claims for damages challenging the mandatory parole portion of his sentence are barred by the rule in *Heck* and must be dismissed. The dismissal of these claims will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice because the habeas corpus claims may not be raised in this action and the claims for damages are barred.

DATED at Denver, Colorado, this  13th day of  January , 2010.

BY THE COURT:

_____ for
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02799-BNB

Jeffery M. Davis
c/o Sandie Davis
1502 Britain
Wichita Falls, TX 76309

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/13/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk